T.C. Memo. 1998-414

UNITED STATES TAX COURT

GREGORY C. WELTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5035-97.                    Filed November 17, 1998.

Gregory C. Welton, pro se.

<u>Steven L. Walker</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  In a notice of deficiency issued to Gregory
C. Welton on December 13, 1996, respondent determined a $53,692
deficiency in, and a $9,506 section 6662(a) penalty relating to,
Mr. Welton's 1994 Federal income tax.  All section references are
to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure. Mr. Welton resided in Solvang, California, at the time his petition was filed.

After concessions, the only remaining issues are whether expenses reported on Mr. Welton's 1994 Schedule C (Profit or Loss From Business) are deductible and whether Mr. Welton is liable for an accuracy-related penalty pursuant to section 6662(a). Mr. Welton contends that he is involved in numerous business activities (i.e., investing in securities, developing and selling software, and selling real estate) and that he is allowed to deduct the expenses reported on his Schedule C. Respondent disallowed these expenses.

Section 162(a) provides that a taxpayer engaged in a trade or business may deduct all ordinary and necessary expenses. A taxpayer who is not engaged in a trade or business may deduct, pursuant to section 212, ordinary and necessary expenses paid or incurred in producing or collecting income. An expenditure is not "ordinary and necessary" unless the taxpayer establishes that it is directly connected with, or proximately related to, the taxpayer's activities. See Bingham's Trust v. Commissioner, 325 U.S. 365, 370 (1945). Mr. Welton established that he incurred some of the disallowed expenses. His testimony and the evidence he presented, however, did not establish that his reported

expenses related to a trade or business, or income-producing activity. Accordingly, we sustain respondent's determination.

Respondent determined that Mr. Welton is liable for an accuracy-related penalty pursuant to section 6662(a). The penalty applies to any portion of Mr. Welton's underpayment that is attributable to negligence or disregard of the rules or regulations. See sec. 6662(b)(1). Mr. Welton failed to establish that he exercised due care in reporting his expenses. Accordingly, we sustain respondent's determination.

Contentions that we have not addressed are either irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.